NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 31 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM RANDOLPH HARLOFF, | No. 16-56455 |
| Petitioner-Appellant, | D.C. No. 2:15-cv-09281-RGK-AS |
| v. | |
| SHAWN HATTON, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted August 10, 2018
Pasadena, California

Before: CLIFTON and CHRISTEN, Circuit Judges, and RUFE,** District Judge.

Petitioner William Harloff appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. Petitioner's trial for charges of corporal injury to a cohabitant, false imprisonment by violence, and criminal threats stemming from a violent attack on his girlfriend, Briana Ikeler, proceeded for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Cynthia M. Rufe, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

approximately one hour in his absence—including the preliminary jury instructions, the prosecution's opening statement,[1] and part of Ikeler's direct testimony—after Petitioner twice failed to appear for trial by repeatedly claiming a need for medical treatment and refusing to leave his cell.[2]  The California Court of Appeal determined that Petitioner had "not demonstrated prejudicial error with respect to his limited absence from trial[,]" without deciding whether the trial court erroneously found Petitioner to be voluntarily absent.  He filed a habeas corpus petition under 28 U.S.C. § 2254, which the district court denied and dismissed. We have jurisdiction pursuant to 28 U.S.C. § 1291 and § 2253, and we affirm.

The district court properly concluded that the California Court of Appeal's harmlessness decision under *Chapman v. California*, 386 U.S. 18 (1967), was reasonable.  When a state appellate court's "*Chapman* decision is reviewed under AEDPA, 'a federal court may not award habeas relief under § 2254 unless *the harmlessness determination itself* was unreasonable.'"  *Davis v. Ayala*, 135 S. Ct. 2187, 2199 (2015) (quoting *Fry v. Pliler*, 551 U.S. 112, 119 (2007)).  Therefore, Petitioner bears the burden of showing that the state appellate court's determination under *Chapman* "was so lacking in justification that there was an

---

[1] Defense counsel deferred the opening statement to later in the trial.

[2] This Court granted a certificate of appealability with respect to the following issue: "whether appellant's constitutional rights were violated when the trial court found him to be voluntarily absent, and allowed the victim to testify outside of his presence."

error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* (citation omitted). That standard is not satisfied here.

First, there was strong evidence of Petitioner's guilt from Ikeler's testimony, plus the corroborating testimony of a neighbor and the responding police officer, as well as physical evidence collected from the apartment and photographs of her injuries. Second, despite Petitioner's attempt to isolate Ikeler's statement that it was easier for her to testify when he was not present, the California Court of Appeal explained that the statement, "when viewed in context and in the totality of the evidence does not demonstrate prejudice." Explaining the difference between her trial testimony and the testimony she gave at the preliminary hearing, Ikeler implied that, by the time of trial, she had moved out of the area where she had previously lived with Petitioner and was no longer fearful of Petitioner's threat that "if [she] ever put him in jail, . . . his homeboys would come after [her]." Additionally, although she was reluctant to testify at the preliminary hearing, she did answer questions and explained that she had been hit on her head and hands, and identified Petitioner as that person when police first responded to the incident. At trial, she identified Petitioner as the attacker. Moreover, at trial, Ikeler did not recant or alter her testimony after Petitioner did appear, including through the remainder of direct, cross, and redirect examinations. Finally, the trial court twice

instructed the jury not to consider Petitioner's absence for any purpose, and the jury is presumed to have followed its instructions. *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000) ("A jury is presumed to follow [the court's] instructions."). In sum, because we cannot say that the California Court of Appeal applied *Chapman*'s harmless error standard in an objectively unreasonable manner, we affirm the denial of habeas relief. *See Davis*, 135 S. Ct. at 2198.

**AFFIRMED.**